IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BENINO H. GONZALES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-129-XR |
| | § | |
| WALGREEN CO., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

On this date, the Court considered Plaintiff Benino H. Gonzales's Motion for Remand to State Court (docket no. 7) and Defendant Walgreen Co.'s Response (docket no. 11).  After careful consideration, the motion is DENIED.

## BACKGROUND

Plaintiff Benino H. Gonzales filed suit against Defendant Walgreen Co. ("Walgreens") on January 6, 2016, in the County Court of Law No. 3 in Bexar County, Texas.  Docket no. 1-2 at 1.  Gonzales alleges that he was shopping at a Walgreens store in San Antonio on March 31, 2014, when he slipped and fell as the result of a puddle of liquid on the ground. *Id.* at 2.  He claims he suffered serious injuries. *Id.* at 3.  The Original Petition states that Gonzales seeks damages "over $100,000, but not more than $200,000." *Id.* at 2.

On February 8, 2016, Walgreens removed the case to this Court.  Docket no. 1.  The next day the Clerk of the Court sent a letter to counsel for Gonzales, Richard Sarabia, informing him that he is not admitted to practice in the Western District of Texas.  Docket no. 3.  Sarabia then filed an advisory in response stating he planned to either "settle this case or re-file it in state court pleading for less than $75,000."  Docket no. 6.   Then, on February 26, Gonzales filed his

1

Amended Complaint and Motion to Remand. Docket nos. 7, 8. The Amended Complaint states that Gonzales now alleges the amount in controversy in this case is $74,000. Docket no. 8 at 4. In his Motion to Remand, Gonzales explains that while the Original Petition "demonstrated that the amount in controversy exceeded $75,000," now, he seeks monetary "relief of less than $74,000" and so "the amount of controversy in this case does not exceed $75,000." Docket no. 7 at 2. As a result, he moves that the Court remand the case. *Id.*

In its Response, Walgreens argues that Gonzales cannot "defeat this Court's jurisdiction by amending the damages sought after removal to an amount strategically shy of this Court's jurisdictional limits." Docket no. 11 at 2. Rather, Walgreens contends that Gonzales's initial pleading controls for purposes of determining the amount in controversy. *Id.* at 2, 3. The Court agrees.

## ANALYSIS

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* A federal court originally has subject matter jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Additionally, citizenship of the parties and amount in controversy are based on the facts as they existed at the time of removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). The court is only to consider the allegations in the state court petition; any amended complaints filed after removal are not considered. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939) ("The second amended complaint should not have been considered in determining the right to remove ... [removal] was to be determined according to the plaintiffs' pleading at the time of the petition for removal.")).

A plaintiff cannot simply amend his or her requested damages after removal in an attempt to divest a court of its subject matter jurisdiction. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (A plaintiff cannot unilaterally act to "destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute."). The Supreme Court has held that if "a plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. V. Red Cab Co.*, 303 U.S. 283, 292 (1938).

Here, the operative pleading at the time of removal clearly states that the amount in controversy is between $100,000 and $200,000. Docket no. 1-2 at 2. Gonzales's lowered request for damages in his Amended Complaint seems purely designed to defeat this Court's jurisdiction. Given that this Court is required to examine the Original Petition in deciding whether the amount in controversy has been satisfied, such a tactic will not be successful. *See Cavallini*, 44 F.3d at 264. Walgreens was entitled to rely on the representations set forth by Gonzales in his Original Petition and has met its burden upon removal. As there is no basis at

present on which to question subject matter jurisdiction to hear the claims in the present case, Gonzales's Motion for Remand is denied.

## CONCLUSION

Plaintiff Benino H. Gonzales's Motion for Remand to State Court (docket no. 7) is DENIED.

It is so ORDERED.

SIGNED this 31st day of March, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE